UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.

BRADLEY FURMAN,

    Plaintiff,

vs.

SELECT PORTFOLIO SERVICING INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

The Defendant, Select Portfolio Servicing, Inc. ("**SPS**"), removes this action from the County Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in accord with 28 U.S.C. §§ 1441 and 1446, based on this Court's federal question jurisdiction under 28 U.S.C. § 1331 ("Section 1331"). In support of removal, SPS respectfully states as follows:

1. On November 23, 2015, the Plaintiff, Bradley Furman (the "**Plaintiff**"), sued SPS in County Court, Small Claims Division, in and for Palm Beach County, Florida, in the action captioned <u>Bradley Furman v. Select Portfolio Servicing, Inc.</u>, Case Number 502015SC010541XXXXMB (the "**State Court Action**").

2. In the State Court Action, the Plaintiff's allegations against SPS arise solely out of alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("**RESPA**"). A true and legible copy of all process, pleadings, and orders in the State Court Action is attached to hereto as **Composite Exhibit A**.

3. SPS received service of the complaint and summons on December 4, 2015.

4. Pursuant to 28 U.S.C. § 1441, removal is proper because this Court has original jurisdiction, under 28 U.S.C. § 1331, over the claims asserted by the Plaintiff in the State Court Action and this division embraces Palm Beach county, Florida, the county where the State Court Action is pending.

5. This Court has original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331.

6. "Federal question" jurisdiction under Section 1331 extends to cases in which "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

7. In the subject action, the Plaintiff's claim arises solely from an alleged violation of a federal statute—RESPA.

8. This notice of removal is timely as it is filed within thirty days of SPS receiving service of the complaint in the State Court Action. See 28 U.S.C. § 1446(b) (requiring a notice of removal to be filed no later than thirty days after service upon the defendant).

9. Pursuant to 28 U.S.C. 1446(d), SPS served a copy of this Notice of Removal on each adverse party and filed a copy of same with the State court.

10. By filing this Notice of Removal, SPS waives no defense to dismissal of this action or challenge to the sufficiency of service of process.

WHEREFORE, SPS removes this action to the United States District Court for the Southern District of Florida, West Palm Beach Division.

Dated: December 29, 2015

Respectfully submitted,

s/ Benjamin B. Brown
Benjamin B. Brown (Florida Bar No. 13290)
benjamin.brown@quarles.com
kerlyne.luc@quarles.com
DocketFL@quarles.com
Quarles & Brady LLP
1395 Panther Lane, Suite 300
Naples, FL  34109
239/659-5026 Telephone
239/213-5426 Facsimile

Attorneys for Defendant

QB\37735372.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel or parties of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Benjamin B. Brown<br>
Benjamin B. Brown

## SERVICE LIST

Brian K. Korte, Esq.
Korte & Wortman, P.A.
2041 Vista Parkway
West Palm Beach, FL 33411
Attorneys for Plaintiff